Hart, Judge. —
 

 The power which the Courts exercise in consolidating actions, has for its object the attainment of justice with the least expense and vexation to the parties, but in the exercise of this power the decisions have not been'uniform.
 

 In
 
 Smith
 
 v.
 
 Crabb,
 
 2
 
 Str.
 
 1149, and
 
 Mynot
 
 v.
 
 Bridger, Ibid.
 
 1178, the Court refused to consolidate, because being distinct actions, the Plaintiff might be ready for trial in one action, but unprepared in the other.- But in
 
 Cecil
 
 v.
 
 Briggs,
 
 2
 
 Term
 
 639, the Court held that not to be a good reason against consolidating two actions, both being brought in assumpsit, the causes of action arising is) the same County, the writs having been sued out on the same day, and the Defendant having been held to bail in both actions $ because they said, if the Defendant was not ready in both actions, but only ready in one, lie might continue both. The reasoning on which this case stands is not satisfactory to the Court, in
 
 Thompson
 
 v.
 
 Shepherd,
 
 9
 
 Johnson
 
 262 — there three actions were brought by the endorser against the maker on three promissory notes, the notes were dated on different days, for differ-
 
 *298
 
 entsums, and payable at different times to tiie same person, who endorsed them to the Plaintiff, the writs were issued at the same time and served at the same time. On motion for that purpose, the Court refused to consolidate the actions, because they said different defences might be set up.
 

 In the present case the different suits commenced by way of warrant. The Defendants appealed to this Court; if they ajipealed without just cause, they ought not to ho favored. The Justice gave judgment in each case for fifty cents more (besides interest) than the notes amounted to, amounting in all to $10 50, ten of the notes were protested, eleven were not protested. In this situation of things, the Defendants might have supposed themselves aggrieved. I therefore lay that circumstance, the appeal, out of the way. Where suits were commenced by way of warrant, two warrants would have answered the Plaintiffs purpose to recover $104, as well as twenty-one, and indeed would have been less trouble to him as well as expense to the Defendants. When the warrants were consolidated in the County Court, I can see no injury the Plaintiff was likely to sustain by it; it was altogether improbable there should he different defences, the causes of action were the same. I cannot therefore find fault with the discretion which the Court have exorcised, much expense or cosls is saved by it. Although the authorities before recited differ in some respects, they all agree in this, that the Court possesses the power of consolidating suits when a proper occasion offers. I think the judgment of the Superior Court should be affirmed.
 

 The Chibe-Justice and Judge Henderson, concurring,
 

 Judgment aejtrmed.