### STATE v. NICK BRYANT.

*Indictment for Destroying Line-trees—Description of the Offence—Negative Averment—Bill of Particulars.*

1. An indictment charging that one A. B., with force and arms, etc., wilfully and unlawfully did alter, deface and remove a corner tree, the property of C., against the form of the statute, is good without a negative averment of the matter contained in the proviso to the act creating the offence.

2. When the defendant makes it appear that he is at a disadvantage by reason of insufficient description of his offence, the Court will, in its discretion, order a bill of particulars to be furnished him.

INDICTMENT under *The Code*, § 1063, for removing, altering and defacing a landmark, tried at Fall Term, 1892, of MITCHELL Superior Court, before *Armfield, J.*

The indictment is substantially as follows:

The jurors, etc., present that Nick Bryant, etc., with force and arms etc., wilfully and unlawfully did alter, deface and remove a certain landmark, to-wit, a corner tree, the property of, etc., against the form of the statute, etc.

From the judgment of the Court quashing the indictment, the Solicitor for the State appealed.

*The Attorney General,* for the State.
No counsel for defendant.

AVERY, J.: There is nothing in the record from which we can gather the reasons that led the Court below to quash the indictment, and we have, therefore, critically examined it, with the aid of the suggestions made by the Attorney General, in order to discover, if possible, a fatal defect of any kind.

Though the general rule is, that a proviso contained in the same section of the law (*The Code,* § 1063) in which the defence is defined, must be negatived, yet where the charge itself is of such a nature that the formal statement of it is equivalent in meaning to such negative averment, there is no reason for adhering to the rule, and such a case constitutes an exception to it. It would have been manifestly absnrd to require the prosecuting officer, after the charge that the defendant "wilfully and unlawfully did alter, deface and remove a certain landmark, to-wit, a corner tree," etc., to add, in blind obedience to supposed precedent, the words "the said corner not being then and there a creek or other small stream, which the interest of agriculture might require to be altered or turned from their channels." It goes without saying, that a corner tree is neither a creek nor a small stream.

It is usually safe to follow the words of the statute, as the draughtsman has done in this case. *State* v. *George,* 93 N. C., 567; *State* v. *Wilson,* 94 N. C., 1015. But had it been made

to appear to the Court, in apt time, that the defendant was at a disadvantage in the preparation of his defence for want of a more specific statement of the charge, the Court could, in its discretion, and doubtless would have ordered the prosecuting officer to furnish a bill of particulars. *State* v. *Brady*, 107 N. C., 826. If the objection was to coupling the operative words of the statute "alter, deface and remove" in the conjunctive, it was clearly untenable, since, in this respect, the indictment seems to be drawn in accordance with approved precedents. *State* v. *VanDoran*, 109 N. C., 864. Since the statute creates, by the use of the disjunctive, the two distinct offences of wilfully removing, etc., and fraudulently removing, altering or defacing, the indictment must be sustained, if, as in this case, the charge drawn under the first clause is that the defendant did the act wilfully and unlawfully. There was error. The judgment of the Court below is reversed, and a

New Trial Awarded.