J. J. E. LUCAS and wife v. CAROLINA CENTRAL RAILWAY
COMPANY.

*Action for Damages for Breach of Contract—Injuries to Real
Estate — Venue — Pleading — Practice — Numbering Exceptions on Record—Marginal References to Exceptions.*

1. Exceptions taken on a trial should not only be numbered (Rule 21) and noted on the margin of the record (Rule 21) but such numbering and marginal references should be printed as they are necessarily a part of the case on appeal.

2. An error as to the venue is not now, as formerly, a defect affecting jurisdiction but only ground for a motion to remove which is waived unless the motion is made "in writing" and "before the time of answering expires"

3. The fact that a complaint for injuries to real estate fails to expressly allege in what County the land lies is immaterial where the complaint sets up as a cause of action a breach of an agreement contained in a former judgment between the same parties which is appropriately referred to in the complaint and set out in the answer and which shows the proper County

CIVIL ACTION tried before *Coble, J.*, and a jury at Spring Term, 1897, of BLADEN Superior Court, to recover damages from the defendant resulting to plaintiff's land from the defendant's failure to comply with a consent judgment rendered in an action between the same parties at Fall Term, 1889, of BLADEN Superior Court, for injuries to the real estate of plaintiffs. The judgment referred to was as follows:

"This cause coming on to be heard, by consent and agreement of parties, it is agreed: That the defendant shall pay to the plaintiff's attorney, C. C. Lyon, one hundred dollars,

and shall pay the costs of this action, to be taxed by the Clerk; and shall widen or deepen the ditch on the north side of the track of the defendant from Tom Daniel Ridge to Corcan Branch or near Wayman Creek, and shall do this ditching within a reasonable time—say six months. And the plaintiffs agree to accept the same in full payment, satisfaction and compromise of all damages they have sustained by reason of the construction of ditches and water drains, and all damages by reason of changing and diverting any water from its natural course, and all damages by reason of overflowing plaintiffs' land named in complaint with water, and all damages resulting from placing an embankment on defendant's track across branch running through plaintiffs' land, and of all damages to plaintiffs' land by overflow of water from all sources.

In accordance with the above agreement, and by consent of parties, it is adjudged: That the plaintiffs recover of the defendant the sum of one hundred dollars, the same to be paid to C. C. Lyon, attorney of plaintiffs, and the costs of this action, to be taxed by the Clerk."

The defendant answered alleging that they had complied with the judgment which was set out in full in the answer. At the close of the testimony the defendant moved (not in writing) to remove the cause from Bladen County to Columbus County for trial for the reason that no part of the land injured, as shown by the testimony, lay in Bladen County but in Columbus County. The motion was overruled. There was a verdict for the plaintiffs for $800.00 and from the judgment thereon the defendant appealed.

*Mr. C. C. Lyon*, for plaintiffs.

*Messrs. MacRay & Day* and *J. D. Shaw*, for defendants (appellants).

LUCAS *v.* RAILWAY COMPANY.

CLARK, J.:   Though there is a large number of exceptions, they are not numbered as required by Rule 27 and noted on the margin of the record as required by Rule 21. Being necessarily a part of the "case on appeal" the numbering of the exceptions and marginal references thereto should be printed.   It is a great convenience on the argument to have this, especially when, as in this case, the exceptions are numerous.   The attention of appellants is called to what was said on this subject in *Alexander* v. *Alexander*, 120 N. C., 472 (on page 474) and to the penalty prescribed by Rule 20 for failure to comply with the Rule.

Without adverting to the fact that this is an action for damages resulting from breach of a contract (set out as the basis of a former judgment) to do certain ditching on the defendant's own land and not directly for a tort for "injuries to real estate," the motion for a change of venue was properly refused.   If it be conceded that it was an action for "injuries to realty," *The Code*, Section 190 (1), an error as to the venue is not as formerly a defect affecting the jurisdiction, but only ground for a motion to remove, which was waived, since the motion was neither "made in writing" nor "before the time of answering expired."   *Code*, Section 195; *McMinn* v. *Hamilton*, 77 N. C., 300; *Lafoon* v. *Shearin*, 91 N. C., 370 (which was an action of ejectment); *Morgan* v. *Bank*, 93 N. C., 352; *County Board* v. *State Board*, 106 N. C., 81; *Baruch* v. *Long*, 117 N. C., 509.

There is no force in defendant's suggestion that the complaint does not disclose in what County the land lies, for it alleges as the cause of action the breach of the agreement embraced in the judgment, referring to the judgment appropriately, so that the defendant, by examining the pleadings in such former action, would have had notice of the *locus* and, indeed, in its answer the defendant sets out the judgment and contract in full and avers it has fully complied therewith and has done the ditching therein required.   Besides

if there had been any doubt as to the locality, the defendant could have asked for a bill of particulars before answering (*Code*, Section 259; *Bryan* v. *Spivey*, 106 N. C., 95) or that the pleading be made more specific. *Code*, Section 261; *Fulps* v. *Mock*, 108 N. C., 601.

There are many other exceptions, but they are without merit and need not be discussed. Though not abandoned, with propriety they were neither insisted upon nor argued in this Court.

No error.