### WILLARD MFG. CO. v. GEORGE H. TIRNEY & CO.

(Filed June 10, 1902.)

ACTIONS—*Consolidation.*

> Where two cases are on trial docket and motion to dismiss one should have been allowed, it was error to consolidate the two actions.

ACTION by the Willard Manufacturing Company against John H. Tirney & Co., heard by Judge *Walter H. Neal,* at January Term, 1902, of the Superior Court of DURHAM County. From a judgment for the plaintiff, the defendant appealed.

*Boone, Bryant & Biggs,* for the plaintiff.
*Busbee & Busbee,* for the defendant.

FURCHES, C. J. The facts in this case are substantially the same as those stated in the case of *Willard Mfg. Co. v. Merchants' National Bank,* at this term. The plaintiff alleges that the defendant, George H. Tirney & Co., is liable to it in the sum of $285.92, upon a breach of contract in the purchase of cotton. The defendant being a non-resident of

the State of North Carolina, plaintiff commenced an action
in the Superior Court of Durham County, sued out an at-
tachment and caused it to be levied on fifty bales of cotton
alleged by plaintiff to belong to defendant. The National
Bank intervened in this action and claimed that the cotton
so attached belonged to it. The plaintiff then commenced
another action against said National Bank, sued out another
attachment and caused it to be levied on the same fifty bales
of cotton, upon the allegation that said cotton belonged to
the bank. Thus it was that both actions stood upon the docket
of the Superior Court of Durham at the same time. When
the bank moved to dismiss the action against it and to dis-
charge the attachment, the plaintiff resisted this motion of
the bank and moved to consolidate this action with the action
against the bank. The bank's motion was overruled and the
plaintiff's motion was allowed and an order made consolidat-
ing the two actions. Defendants excepted and appealed.

We have seen in the case of the *Willard Mfg. Co. v. Na-
tional Bank,* at this term, that the plaintiff could not proceed
against the bank by attachment, and as it could not do that,
and as that action and attachment should have been dismissed
(*Willard Mfg. Co. v. Bank,* at this term), it was error to con-
solidate that action with this. But when that action is dis-
missed it will leave this action as it originally stood, as a suit
against Geo. H. Tirney & Co. And while the plaintiff could
not attach this cotton as the property of a National Bank, we
see no reason why it may not intervene and claim that the
cotton attached as the property of Geo. H. Tirney & Co. be-
longs to it. *Cotton Mills v. Weil,* 129 N. C., 452. But its
intervening does not make it a party to the action between the
plaintiff and Geo. H. Tirney & Co. further than to claim that
the cotton attached belongs to it. This is the only issue in-
volved so far as the intervenor is concerned, and the affirma-
tive of this issue is upon it. If it is not the owner of the cot-

ton it has no further interest in the action. *Cotton Mills v. Weil, supra; Bank v. Furniture Co.,* 120 N. C., 475.

It was error to consolidate the action against the bank with this action; but this action will be allowed to stand upon the docket and the plaintiff will be entitled to the same rights as if no order of consolidation had been made.

Error.