GEORGE L. FORESTER v. ANSON G. BETTS ET AL.

(Filed 19 May, 1920.)

(For digest, see *Harris v. Turner, ante.*)

CIVIL ACTION, tried before *Finley, J.,* and a jury, at December Term, 1919, of BUNCOMBE.

Plaintiff sued for a breach of a contract by which the defendant agreed to employ him in his service, as traffic manager, from 18 March, 1918, to 18 March, 1919, at $250 per month from 1 May, 1918, another arrangement having been made as to the months of March and April. There is a provision in the contract that it can be terminated by either party on 90 days notice. Plaintiff entered upon the performance of his duties, and on 4 November, 1918, the defendant notified the plaintiff that he had decided to put an end to the contract, and that plaintiff must quit the service immediately. Plaintiff alleged that defendant had wrongfully terminated the contract by ignoring and repudiating the provision as to notice, and in other respects, and further averring that he was ready, able, and willing to perform his part of the same in every respect. Defendant denied the allegation, and pleaded that during the ninety days plaintiff had earned $400 in other occupations, for which he claimed credit. Plaintiff also alleged other services performed at defendant's special request, for which he claimed $5,000 as compensation. The court submitted two issues, which, with the answer of the jury, are as follows:

"1. Is the defendant, Anson G. Betts, indebted to the plaintiff, Geo. L. Forester, under the written contract for salary, and, if so, in what amount? Answer: 'Yes; in the sum of $718.30.'

"2. Is the defendant, Anson G. Betts, indebted to the plaintiff, Geo. L. Forester, on the special contract, as alleged in the complaint, and if so, in what amount? Answer: 'No.'"

Judgment on the verdict, and defendant appealed.

*Plaintiff not represented in this Court.*
*Stevens & Anderson for defendant.*

WALKER, J., after stating the case: There was evidence to support the verdict, and the question raised upon the pleadings and the evidence was purely one of fact. There was clearly no error in the charge. The judge fairly and fully presented every phase of the case, including the right of the defendant to the credit of $400.00. Whether the credit should have been allowed was solely for the jury upon the evidence and, in this respect, the case is not, in principle, unlike that of *Harris v. Turner,* decided at this term, *ante,* 322, where it was held:

1. Jurors are not bound to accept as true all the testimony offered by the plaintiff or the defendant, but can accept a part and reject the remainder, being the sole judges of the testimony and what it tends to prove, including the credibility of witnesses.

2. If a party desires fuller or more specific instructions than those given by the court, he must ask for them, and not wait until the verdict has gone against him and then for the first time complain that an error was committed.

3. No matter how strongly the evidence supports the contention of one party, the court cannot, in view of Revisal 1905, sec. 535, forbidding the judge to give an opinion upon the facts, instruct the jury to answer a question of fact in a particular way; such party's remedy being a request to the court that the verdict be set aside as being against the weight of the evidence.

4. Decision of trial court, setting aside a verdict as being against the weight of the evidence, is not reviewable.

Referring specially to the assignments of error: The judge did give substantially the instructions which defendant alleges, in his first assignment, that he did not give, as to the credit to which the defendant was entitled. He could not properly have charged, that the defendant should have a deduction of four hundred dollars, as that would have been an expression of opinion upon the evidence and a palpable violation of the act of 1796 (Revisal of 1905, sec. 535; Pell's Revisal, vol. 1, p. 259, sec. 535, and note). The motion to set aside the verdict as be-

ing contrary to the weight of the evidence was addressed to the sound discretion of the judge and is not reviewable here. Revisal, sec. 554, sub-sec. 4; *Jarrett v. Trunk Co.,* 142 N. C., 466; Pell's Revisal, vol. 1, p. 284 and cases; *Harris v. Turner, supra,* which so fully and completely covers the points raised in the record as to render further discussion unnecessary.

It appears that the case was very ably and successfully managed by defendant's counsel below. Plaintiff claimed damages to the amount of $7,886.13 and recovered of this amount only $718.30, and it would seem that he should be asking for another trial, and not the defendant.