### SAMUEL WOLF v. H. GOLDSTEIN.

(Filed 27 October, 1926.)

**Appeal and Error—Judgments Set Aside—Discretion of Court.**

> The discretion of a trial judge to set aside a verdict is practically unlimited, and will not be reviewed on appeal except in matters of abuse, instances not likely to arise.

APPEAL by plaintiff from *Midyette, J.,* at March Civil Term, 1926, of NEW HANOVER. Affirmed.

*Rodgers & Rodgers for plaintiff.*
*No counsel for defendant.*

PER CURIAM. Plaintiff brought this action to recover on certain notes alleged to have been executed by defendant to Mylish, Mann & Drucker, for a valuable consideration, before maturity, endorsed, sold and delivered to the plaintiff by payee. That no part of the notes have been paid, and that the same are due and owing.

Defendant sets up certain defenses not necessary to set forth.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Were the notes sued upon extorted from the defendant by threatening to defeat the offer of composition made by him in the bankruptcy proceedings instituted against him? Answer: No.

"2. Were the notes sued upon procured from the defendant in fraud of his other creditors? Answer: No.

"3. Were the notes sued upon executed by defendant upon the condition that they were to be void if the offer of composition made by him was declined by the United States Court in Bankruptcy? Answer: No.

"4. Is the plaintiff the holder in due course of the notes sued upon? Answer: Yes.

"5. Is the plaintiff owner of the notes? Answer: Yes.

"6. What amount, if any, is the plaintiff entitled to recover? Answer: $1,200 and interest at 6 per cent per annum from dates of notes."

Upon the coming in of the verdict, plaintiff tendered judgment to the court below in accordance with the jury finding. The court below made the following order: "The verdict in this cause is set aside in the discretion of the court." Plaintiff assigned error and appealed to the Supreme Court: "For that the court refused to sign the judgment tendered by plaintiff as set forth in the record and set aside the verdict in his discretion and allowed the defendant the right to file an amended answer of payment."

The trial court has a discretion in respect to setting aside verdict, exercise of which, in the absence of abuse, is not reviewable in the Supreme Court. 15 Enc. Digest of N. C. Reports, p. 112 and cases cited.

*Walker, J.,* in *Jarrett v. Trunk Co.,* 142 N. C., p. 469, says: "While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment, in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited." *Billings v. Charlotte Observer,* 150 N. C., 540; *Hensley v. Furniture Co.,* 164 N. C., 148; *Settee v. Electric Ry.,* 170 N. C., 365; *Forester v. Betts,* 179 N. C., 608; *Likas v. Lackey,* 186 N. C., 398; *S. v. Sauls,* 190 N. C., 810.

The judgment below is
Affirmed.