CARL C. DURHAM v. T. HOLT LAIRD AND WIFE, MARGUERITE GOODE LAIRD. DOCKET No. 14406.

CARL C. DURHAM v. T. HOLT LAIRD AND WIFE, MARGUERITE GOODE LAIRD. DOCKET No. 14407.

(Filed 21 May, 1930.)

1. **Actions C a: Appeal and Error J b—Refusal to consolidate actions as matter in discretion will be affirmed in absence of abuse.**

    Where two actions between the same parties upon the same subject-matter are brought, one to recover damages for personal injuries caused by the alleged negligence of the defendant, and the other to recover damages to property resulting from the same act, the refusal of the trial court to consolidate the two actions as a matter in his legal discretion will be affirmed on appeal, there being nothing of record to indicate an abuse of the discretion.

2. **Appeal and Error E h—Question as to whether second of two actions could be maintained not presented on record in this case.**

    Where two actions are brought for the recovery of damages between the same parties relating to the same negligent act, one as to personal

DURHAM *v.* LAIRD.

injury and the other as to property damage, and no motion to dismiss is made in the latter, as to it the question as to whether the action would lie is not presented on appeal.

CIVIL ACTION, before *McElroy, J.,* at February Term, 1930, of GUILFORD.

On 11 November, 1929, the plaintiff instituted two civil actions against the defendants. The summonses in both actions were served on 16 November, 1929. The first suit is designated as Docket No. 14406, and the second suit is designated as Docket No. 14407.

Complaint was filed in No. 14406, alleging that on 8 May, 1929, the plaintiff was injured in an automobile collision due to the negligence and carelessness of defendants and resulting in serious and permanent injuries, for which plaintiff demanded damages in the sum of $10,000.

In No. 14407 the plaintiff alleged that his automobile was greatly damaged in an automobile collision occurring on 8 May, 1929, and due to the negligence and carelessness of defendants, for which plaintiff demanded judgment in the sum of $2,000.

The defendants filed an answer in No. 14406 denying negligence, pleading contributory negligence and alleging a counterclaim for damages sustained by the defendants due to the negligence of plaintiff. The defendants also specifically pleaded the pendency of No. 14407 in bar of recovery.

In case No. 14407, which may be designated as the case for recovery of property damage, the defendant also answered denying negligence, pleading contributory negligence, alleging counterclaim, and also pleaded the pendency of case No. 14406 as a bar to recovery.

The plaintiff filed replies to the answers alleging in substance that in the suit for property damage, to wit, No. 14407, "a portion of which damage the insurance company of North America became subrogated by reason of the payment of collision damages, and of necessity this action for said personal property damage was brought in the name of the plaintiff, and the plaintiff denies that the pendency of such action is a bar to this action."

The plaintiff made a motion, after due notice, to consolidate the two actions. After hearing the motion the trial judge entered the following order: "It is thereupon considered, ordered and adjudged by the court in its discretion that the said motion to consolidate be, and the same is hereby denied."

From the foregoing judgment the plaintiff appealed.

*D. Newton Farnell, Jr., and Frazier & Frazier for plaintiff.*
*R. M. Robinson for defendants.*

BROGDEN, J. The sole question of law presented by this appeal is whether the trial judge had the power in his discretion to refuse to consolidate the actions.

The cause discloses substantially the following fact setting: A plaintiff brings two suits on the same day, against the same defendants for damages growing out of an automobile collision. In one suit the plaintiff seeks to recover damages for personal injury, and in the other suit compensation for property damage growing out of said collision. The defendants, among other things, plead the pendency of each suit as a bar to the other, and the plaintiff replies that in the suit for property damage the Insurance Company of North America is subrogated to a portion of such damage.

In determining the legal aspect of consolidation the general rule is that the trial judge has the power to consolidate actions involving the same parties and the same subject-matter if no prejudice or harmful complications will result therefrom. This salutary power is vested in the judge in order to avoid multiplicity of suits, unnecessary costs and delays, and as a protection against oppression and abuse. *Blount v. Sawyer,* 189 N. C., 210, 126 S. E., 512; *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171; *Rosenmann v. Belk-Williams Co.,* 191 N. C., 493, 132 S. E., 282.

Whether the order of consolidation is entirely discretionary and not reviewable on appeal is an open question in this jurisdiction. *Wilder v. Greene,* 172 N. C., 94, 89 S. E., 1062. The whole subject is discussed with singular clearness and accuracy in McIntosh on North Carolina Practice and Procedure, pp. 536-539, where all the pertinent authorities in this State are assembled. However, if two consecutive actions are brought, involving the same parties and the same subject-matter, and the second action cannot be maintained, then in such event, consolidation is not proper. *Mfg. Co. v. Tirney,* 130 N. C., 612, 41 S. E., 871.

On the present state of the record we are not concerned with the question as to whether the action for property damage would lie because there is no motion to dismiss, upon the principle announced in *Underwood v. Dooley,* 197 N. C., 100. The trial judge based his refusal to consolidate the actions upon his discretion, and we cannot say, as a matter of law, from an inspection of the record, that such order constituted an abuse of discretion—particularly in view of the well established principle that there is a presumption in favor of the validity of a judgment. And, therefore, we are constrained to affirm the decree of the trial court.

Affirmed.