BANK OF WAKE v. CLAUD SANDERS, AND EDGAR DUNSTON, ADMINISTRATOR OF C. D. DUNSTON, DECEASED.

(Filed 12 October, 1932.)

APPEAL by plaintiff from *Devin, J.,* at May Term, 1932, of WAKE. Affirmed.

This is an action on a note for $175.00, executed by defendant, Claud Sanders, and C. D. Dunston, intestate of the defendant, Edgar Dunston, administrator. The note is payable to the order of J. W. Mangum, and was negotiated to the plaintiff, by the endorsement of the payee, prior to its maturity. The allegation in the complaint that plaintiff is the holder in due course of the note is denied in the answer.

At the close of the evidence the court instructed the jury as follows:

"Gentlemen of the jury, if you believe all the evidence as has been testified in this case, you will answer the issue, '$175.00 with interest from 26 April, 1929.'" The defendants excepted to this instruction.

The jury answered the issue, to wit: "In what amount, if any, are the defendants indebted to the plaintiff," as follows: "$175.00 with interest."

On motion of defendants, the judge, in his discretion, set aside the verdict, and ordered a new trial. Plaintiff appealed to the Supreme Court.

*I. Beverly Lake for plaintiff.*
*J. B. Saintsing, Jr., and Clyde A. Douglass for defendants.*

PER CURIAM. The question as to whether there was error in the instruction of the court to the jury, to which defendants duly excepted, is not presented on this appeal by plaintiff.

The power of the judge to set aside the verdict and order a new trial, in his discretion, is expressly recognized by statute. C. S., 591. The exercise of this power in the instant case is not subject to review by this Court.

"The discretion of the judge to set aside a verdict is not an arbitrary one to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of preventing what may seem to him an inequitable result. The power is an inherent one, and is regarded as essential to the proper administration of the law. It is not limited to cases where the verdict is found to be against the weight of the evidence, but extends to many others. While the necessity for exercising this discretion, in any given case, is not to be determined by the

mere inclination of the judge, but by a sound and enlightened judgment in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited." *Settee v. R. R.,* 170 N. C., 365, 86 S. E., 1050, and quoted with approval in *Wolf v. Goldstein,* 192 N. C., 818, 135 S. E., 39. The order is

Affirmed.