G. W. TICKLE v. FRANK P. HOBGOOD, ADMINISTRATOR, ET AL.

(Filed 5 January, 1938.)

**1. Appeal and Error §§ 37b, 40c—**

An application for a bill of particulars, C. S., 534, or a motion to require a pleading to be made more definite and certain, C. S., 537, is addressed to the discretion of the trial court, and his ruling thereon in the exercise of such discretion is ordinarily not reviewable, but it is error for the trial court to rule thereon as a matter of law without the exercise of discretion.

**2. Pleadings § 27—**

An application for a bill of particulars or a motion to require a pleading to be made more definite and certain is addressed to the discretion of the trial court, and it is error for the trial court to rule thereon as a matter of law without the exercise of discretion.

BARNHILL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Barnhill, J.,* at March Special Term, 1937, of ALAMANCE.

Civil action by ultimate consumer to recover of manufacturer or bottler damages resulting from drinking bottled beverage containing noxious substance.

Plaintiff alleges that on 9 May, 1936, he purchased a bottle of coca-cola, manufactured and placed on the market by the defendant, which contained some deleterious substance; that he became ill from drinking part of its contents, and that he thereby sustained great injury and damage.

Anticipating that the plaintiff would attempt to show other instances of deleterious substances discovered in like products, manufactured under substantially similar circumstances and sold by the defendant "at about the same time," *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582, the defendant seasonably asked for a bill of particulars of any such instances which the plaintiff proposed to show and rely upon to make out his case.

The court, "being of opinion that the defendant is not entitled to the order prayed for," overruled defendant's motion "as a matter of law and without exercise of the discretion vested in the court."

From the foregoing disposition of defendant's motion he appeals, assigning error.

*Dameron & Young for plaintiff, appellee.*
*J. Dolph Long and R. M. Robinson for defendant, appellants.*

STACY, C. J.   An application for a bill of particulars under C. S., 534, or a motion to require a pleading to be made more definite and certain under 537, is addressed to the sound discretion of the trial court, and his ruling thereon, made in the exercise of such discretion, is not reviewable on appeal, except perhaps in extreme cases. *Temple v. Tel. Co.,* 205 N. C., 441, 171 S. E., 630; *S. v. Bryant,* 111 N. C., 693, 16 S. E., 326. Where however, as here, the court denies the motion as a matter of law, without the exercise of discretion, the defendant is entitled to have the application reconsidered and passed upon as a discretionary matter. *Townsend v. Williams,* 117 N. C., 330, 23 S. E., 461; *S. v. Fuller,* 114 N. C., 885, 19 S. E., 797.   For procedure in criminal cases see C. S., 4613; *S. v. Wadford,* 194 N. C., 336, 139 S. E., 608.

Error.

BARNHILL, J., took no part in the consideration or decision of this case.