MOSS-MARLOW BUILDING COMPANY, INC., v. JOHN L. JONES AND HIS WIFE, MRS. JOHN L. JONES.

(Filed 26 March, 1947.)

**Pleadings § 27: Appeal and Error § 40g—**

> An application for a bill of particulars is addressed to the sound discretion of the trial court and the court's ruling thereon is not reviewable, except perhaps in extreme cases. G. S., 1-150.

·APPEAL by defendants from *Warlick, J.,* at 15 November, 1946, Term, of CATAWBA.

Civil action to recover on contract.

Plaintiff attaches to its complaint as "Exhibit A" a copy of the contract between it and defendants for the construction of a dwelling house on cost plus basis, and as "Exhibit B" what purports to be an itemized list of materials and labor furnished. Defendants, in apt time, moved for a bill of particulars. The court, finding that plaintiff's complaint, and more particularly "Exhibit B," is sufficiently definite to enable defendants to file answer to complaint, entered order denying the said motion.

Defendants appeal therefrom to Supreme Court and assign error.

*Louis A. Whitener for plaintiff, appellee.*
*Willis & Geitner for defendants, appellants.*

PER CURIAM. An application for a bill of particulars under G. S., 1-150, formerly C. S., 534, "is addressed to the sound discretion of the trial court, and his ruling thereon, made in the exercise of such discretion, is not reviewable on appeal, except perhaps in extreme cases." *Tickle v. Hobgood,* 212 N. C., 762, 194 S. E., 461. While appellants concede this principle of law, they contend that this case comes within the exception. However, the argument advanced, in the light of the allegations in the complaint and the exhibit attached thereto, fails in persuasiveness. Hence, the ruling of the court below is
Affirmed.