FLORENCE E. LOWMAN, ADMINISTRATRIX OF THE ESTATE OF GAY REE LOWMAN, v. CITY OF ASHEVILLE, A MUNICIPAL CORPORATION.

(Filed 22 September, 1948.)

**1. Pleadings § 27—**

Ordinarily a motion to make a pleading more definite is addressed to the discretion of the court. G. S., 1-153.

**2. Same—**

In the absence of indication to the contrary, it will be presumed that the trial court's denial of a motion to make a pleading more definite was in the exercise of his discretion.

**3. Same: Appeal and Error § 40b—**

The discretionary denial of a motion to make a pleading more definite is not reviewable upon appeal.

**4. Pleadings § 27—**

The denial of a motion to make a pleading more definite does not preclude defendant from applying for a bill of particulars. G. S., 1-150.

APPEAL by defendant from *Sink, J.,* at January Term, 1948, of BUNCOMBE.

This is a civil action for damages for the alleged wrongful death of plaintiff's intestate, arising out of an automobile accident on a public street within the corporate limits of Asheville.

The plaintiff alleges in her complaint: "That (at) a point between the intersection of Biltmore Avenue to the city limits, as herebefore referred to, there existed in approximately the middle portion of said street or way a large hole some 18 to 20 inches across in a north-south direction and some 10 to 12 inches across in a east-west direction and approximately three to three and one-half inches deep." It is further alleged that the automobile in which the plaintiff's intestate was riding ran into said hole, causing the automobile to crash into a concrete block or wall, which resulted in the death of plaintiff's intestate, etc. No allegation in the complaint fixes the locale of the hole in the street, except that it existed in a street known as the "Old Black Mountain Highway" between where said highway intersects with Biltmore Avenue and the city limits of the City of Asheville.

The defendant made a motion in apt time, for an order to require the plaintiff to make the allegations of her complaint more definite and certain with respect to the point where the accident occurred. The defendant showed by affidavit that the distance from where the "Old Black Mountain Highway" enters Biltmore Avenue to the city limits of the City of Asheville is approximately one mile. The motion was denied, and the defendant appeals, assigning error.

*No counsel contra.*

*Robt. W. Wells and J. Y. Jordan, Jr., for defendants.*

DENNY, J. Ordinarily whether or not the trial judge grants a motion to make a pleading more definite, as provided in G. S., 1-153, is within his discretion. And where there is nothing on the record, as in the instant case, to indicate the motion was denied as a matter of law, it will be presumed the judge denied it in his discretion. *Brown v. Hall,* 226 N. C., 732, 40 S. E. (2d), 412; *Cody v. Hovey,* 219 N. C., 369, 14 S. E. (2d), 30; *Wolf v. Goldstein,* 192 N. C., 818, 135 S. E., 39; *Hensley v. Furniture Co.,* 164 N. C., 148, 80 S. E., 154. It would seem the motion had some merit, but such orders entered in the discretion of the trial judge are not reviewable upon appeal. *Cody v. Hovey, supra; Brown v. Hall, supra.* Even so, we know of no reason why the defendant, if it so desires, may not apply for a bill of particulars, as provided in G. S., 1-150. *Building Co. v. Jones,* 227 N. C., 282, 41 S. E. (2d), 747; *Lucas v. Railway Co.,* 121 N. C., 506, 28 S. E., 265.

The judgment below is

Affirmed.