## W. B. PHELPS v. S. F. McCOTTER AND L. G. McCOTTER.

(Filed 24 February, 1960.)

**1. Trial § 11—**

Even in those instances in which a consolidation of actions for trial is permissible, a motion for consolidation is addressed to the discretion of the trial court.

**2. Appeal and Error § 46—**

In the absence of an indication to the contrary in the record, it will be presumed that the trial court determined a discretionary matter in the exercise of its discretion, and such ruling is not reviewable in the absence of a showing of abuse of discretion, the burden being upon the appellant to so show.

APPEAL by defendants from *Bundy, J.,* August 1959 Term, of PAM-LICO.

Civil action to recover damages allegedly growing out of the failure of the defendants to execute and deliver to him a deed conveying a one-third interest in fee in a tract of land in Pamlico County, as ordered in a final judgment between the same parties rendered at the Fall Term 1956 of the Superior Court of Pamlico County, the Honorable Chester Morris, Judge Presiding, heard upon a motion by defendants to consolidate for trial this action with a special proceeding for actual partition between the same parties involving the same land.

The special proceeding for partition was instituted subsequent to the present action, and commissioners to divide the tract of land have been appointed. So far as the record shows they have not acted.

The court denied the motion for consolidation for trial, and defendants excepted and appeal.

*R. E. Whitehurst and David S. Henderson for plaintiff, appellee.*
*Sam J. Morris and J. W. Hinsdale for defendants, appellants.*

PER CURIAM. Defendants' only assignment of error is to the denial by the court of their motion for consolidation for trial of the instant case and the special proceeding for actual partition.

Whether or not consolidation of cases for trial, where permissible, will be ordered is in the discretion of the court. *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734; *Peeples v. R. R.; Edwards v. R. R.; Kearney v. R. R.,* 228 N.C. 590, 46 S.E. 2d 649; *Robinson, Hudson, and Blackburn v. Transportation Co.,* 214 N.C. 489, 199 S.E. 725; *Person v. Bank,* 11 N.C. 294; McIntosh, N. C. Practice & Procedure, 2d Ed.,

Vol. I, p. 739; 53 Am. Jur., Trial, §66; I C. J. S., Actions, §109(d). "If the conditions essential to authorize a consolidation do not exist, the court has no discretion to exercise." 1 C. J. S., Actions, p. 1346.

The motion to consolidate here was addressed to Judge Bundy's discretion. He denied the motion. As there is nothing in the record to indicate that he denied the motion as a matter of law, it will be presumed the Judge Bundy denied it in his discretion. *Lowman v. Asheville,* 229 N.C. 247, 49 S.E. 2d 408, and cases there cited. We cannot say, as a matter of law, from an inspection of the record that Judge Bundy's denial of the motion constituted an abuse of discretion - particularly in view of the well established principle that there is a presumption in favor of the regularity and validity of the proceedings in the lower court, and the burden is upon the appellant to show prejudicial error in the case on appeal. *Durham v. Laird,* 198 N.C. 695, 153 S.E. 261; McIntosh, N. C. Practice & Procedure, 2d Ed., Vol. 2, pp. 238-9. And, therefore, we are constrained to affirm the denial below of the motion for consolidation for the purpose of trial.

Affirmed.