**STATE v. BELTON**

[169 N.C. App. 350 (2005)]

STATE OF NORTH CAROLINA v. ANTHONY RICKIE BELTON, Defendant, and AEGIS SECURITY INSURANCE COMPANY, Surety

No. COA04-653

(Filed 5 April 2005)

**1. Appeal and Error— preservation of issues—failure to assign error—failure to present issue at trial**

Although the surety contends that N.C.G.S. § 15A-544.8(b)(1) requires the trial court to set aside a forfeiture judgment if the surety demonstrates that it did not actually receive notice and that any construction or application of N.C.G.S. § 15A-544.4 not requiring forfeiture notices to be actually received by sureties would constitute a violation of due process, these assignments of error are dismissed, because: (1) the surety did not assert the first issue as a ground for relief in its assignments of error as required by N.C. R. App. P. 10(a), nor did it assign error to the pertinent conclusions of law; and (2) in regard to the second issue, the argument did not correspond to any of surety's assignments of error as required by N.C. R. App. P. 28, nor was this argument presented to the trial court for a ruling as required by N.C. R. App. P. 10(b)(1).

**2. Penalties, Fines, and Forfeitures— appearance bond forfeiture—notice**

The trial court did not err by denying the surety's appeal from an order entered on 30 January 2004 denying its motion for relief from final judgment of forfeiture of an appearance bond even though surety contends the clerk of court failed to provide notice of the entry of forfeiture as required by N.C.G.S. § 15A-544.4, because: (1) an assistant clerk placed the notice in a bin for outgoing mail; (2) there is no requirement that the clerk of court herself carry notices to the post office in order to mail them; (3) official actions taken by public officers in North Carolina are accorded the presumption of regularity, and thus the official actions of clerks of court are afforded this presumption of regularity; and (4) the trial court, after considering the affidavit of surety's employee tending to show that surety did not receive the notice of forfeiture along with the other evidence in the record, could properly conclude that the clerk had given notice in compliance with N.C.G.S. § 15A-544.4.

STATE v. BELTON

[169 N.C. App. 350 (2005)]

Appeal by surety from order entered 30 January 2004 by Judge Paul L. Jones in Lenoir County Superior Court. Heard in the Court of Appeals 17 February 2005.

*Tharrington Smith, L.L.P., by Rod Malone for Lenoir County School Board.*

*Andresen & Vann, by Kenneth P. Andresen and Christopher M. Vann, for Surety.*

LEVINSON, Judge.

Aegis Security Insurance Co. (surety) appeals from an order entered on 30 January 2004 denying its motion for relief from the final judgment of forfeiture. We affirm.

The relevant procedural history of this case is as follows: On 22 November 2002 surety signed, by the signature of its attorney in fact, an appearance bond in the amount of $100,000.00 for the pretrial release of criminal defendant Anthony Belton who was charged with first degree murder. The terms of the appearance bond required that Belton appear "whenever required" by the court, and that he remain "at all times amenable to the orders and processes of the [c]ourt."

On 12 February 2003 Belton failed to appear for a court appearance. He was "called and failed" to appear in open court, and the appearance bond was ordered forfeited. The order of forfeiture listed 12 February 2003 as the date of forfeiture, and 21 July 2003 as the date the forfeiture would become final. The notice of forfeiture was mailed to surety 21 February 2003 as demonstrated by the certificate of service, signed by the assistant clerk of court. The order of forfeiture became a final judgment 21 July 2003 and a writ of execution on the final judgment of forfeiture issued 22 July 2003.

On 26 November 2003 surety moved, pursuant to N.C.G.S. § 15A-544.8(b)(1), to vacate the final judgment of forfeiture, on the grounds that the clerk failed to provide notice of the entry of forfeiture as required by N.C.G.S. § 15A-544.4. This motion was heard in superior court on 18 December 2003.

The evidence presented at the hearing is summarized as follows: Lenoir County Assistant Clerk of Court Jeanee Wheeler testified she mailed the notice of forfeiture to surety on 21 February 2003, by enclosing the notice in an envelope with the proper address label and postage, and then placing the envelope in an "office bin" for outgoing mail. Wheeler further testified that "typically" a "maintenance

worker" responsible for mailing letters would collect the outgoing mail from the office bin between 3:00 p.m. and 4:00 p.m. each day. In this way, according to the testimony of Wheeler, mail was "placed in the U.S. Postal Service." Surety presented an affidavit by Kelly Fitzpatrick, a risk management agent of surety insurance company, stating that her office had not received the notice of forfeiture.

On 30 January 2004 the trial court entered an order denying surety's motion to set aside the judgment of forfeiture. The order included, in pertinent part, the following findings of fact:

3. On or about 21 February 2003, Jeanee M. Wheeler, Assistant Clerk of Superior Court, prepared a Bond Forfeiture Notice for defendant's failure to appear in Lenoir County Superior Court on 12 February 2003. The addresses for the Surety and the bail agent shown on the Bond Forfeiture Notice are the same addresses noted on the Bond.

4. On 21 February 2003, Jeanee M. Wheeler mailed a Bond Forfeiture Notice to the Surety and the bail agent at the addresses shown on the bond. The notice contained all of the information required by N.C. Gen. Stat. § 15A-544.3.

5. An electronic signature for Judge Paul L. Jones was inserted in the space provided for Judge Paul L. Jones to sign the judgment on the Bond Forfeiture Notice. An electronic signature for Jeanee M. Wheeler was inserted in the space provided for the Assistant Clerk of Court to sign the Certificate of Service on the Bond Forfeiture Notice. Neither Judge Jones' nor Ms. Wheeler's handwritten signatures are on the Bond Forfeiture Notice.

6. The date of forfeiture on the Bond Forfeiture Notice is 12 February 2003. The final judgment date is 21 July 2003.

7. The defendant was not arrested by the Surety or otherwise served with an order for arrest for the failure to appear on the criminal charges in this case prior to 21 July 2003.

8. None of the conditions in N.C. Gen. Stat. § 15A-544.5 were satisfied prior to 21 July 2003.

9. Subsequent to 21 July 2003, Imelda Pate, Assistant District Attorney for Lenoir County, received a telephone call from a New York probation officer informing her of the location of the defendant.

10. Ms. Pate made arrangements to have the defendant arrested in New York and transported to North Carolina.

11. The Surety did not participate or assist in the defendant's arrest and return to North Carolina.

12. The Surety presented evidence alleging that it did not receive a copy of the Bond Forfeiture Notice mailed by Ms. Wheeler on 12 February 2003.

Based on these findings, the trial court made the following conclusions of law:

1. N.C. Gen. Stat. § 15A-544.4(a) states that the court shall give notice of the entry of forfeiture by mailing a copy of the forfeiture to the defendant and to each surety whose name appears on the Bond.

2. N.C. Gen. Stat. § 15A-544.4 (e) states that notice under this section shall be mailed no later than the thirtieth day after the date on which the forfeiture is entered.

3. N.C. Gen. Stat. § 15A-544.4 (d) states that notice given under this section is effective when the notice is mailed.

4. Pursuant to N.C. Gen. Stat. § 15A-544.4, notice of the entry of judgment was provided to the Surety and the bail agent at the addresses shown on the bond.

5. N.C. Gen. Stat. § 15A-544.4 does not require that the notice given under this section be received by the Surety or bail agent.

6. N.C. Gen. Stat. § 15A-101.1 authorizes the use of electronic signatures for documents, including orders and notices, that deal with criminal process or procedure.

7. The Order of Forfeiture was signed by Judge Paul L. Jones and is valid and enforceable.

8. The certificate of service certifying that the defendant and each surety named on the Bond Forfeiture Notice were mailed a copy of the notice by first class mail was signed by Jeanee M. Wheeler, Assistant Lenoir County Clerk of Court.

9. The defendant was not arrested by the Surety or otherwise served with an order for arrest for the failure to appear on the criminal charges in this case prior to the final judgment date, 21 July 2003.

10. None of the conditions in N.C. Gen. Stat. § 15A-544.5 were satisfied prior to 21 July 2003.

From this order, surety now appeals.

---

[1] We make the preliminary observation that surety has failed to preserve the two following arguments for appeal.

First, surety repeatedly argues that N.C.G.S. § 15A-544.8(b)(1) requires the trial court to set aside a forfeiture judgment if the surety demonstrates, by "clear and uncontradicted" evidence, that it did not **actually receive** notice. Surety did not assert this as a ground for relief in its assignments of error as required by N.C.R. App. P. 10(a). Nor did surety assign error to the trial court's Conclusion of Law number 5: "N.C. Gen. Stat. § 15A-544.4 does not require that the notice given under this section be received by the Surety or bail agent." Accordingly, this issue is not properly before us. *See* N.C.R. App. P. 10(a) ("[e]xcept as otherwise provided herein, the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[.]").

Secondly, surety argues that any construction or application of N.C.G.S. § 15A-544.4 not requiring forfeiture notices to be **actually received** by sureties would constitute a violation of its constitutional right to due process. This argument does not correspond to any of surety's assignments of error, as required by N.C.R. App. P. 28. *See* N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). Nor was this argument presented to the trial court for a ruling as required by N.C.R. App. P. 10(b)(1). Accordingly, this issue is not properly before us and we do not address it. *See State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991) ("This Court will not consider arguments based upon matters not presented to or adjudicated by the trial tribunal.")

---

[2] We next consider the argument that surety has properly preserved for appellate review. Surety contends that finding of fact number 4 is unsupported by the evidence and therefore does not support conclusion of law number 4. Specifically, surety argues that the actions on the part of the clerk of court did not constitute "mailing" the notice of forfeiture as required by N.C.G.S. § 15A-544.4. On this basis, surety argues that (1) the presumption of regularity generally accorded to the official acts of public officers does not attach, and (2)

that, because the only competent evidence in the record demonstrates surety did not actually receive the notice of forfeiture, the trial court was compelled to conclude that notice of forfeiture was not "given" pursuant to N.C.G.S. § 15A-544.4. We disagree.

N.C.G.S. § 15A-544.8 (2003) sets out the limited circumstances under which a trial court has authority to set aside a judgment of forfeiture:

> (a) Relief Exclusive.—There is no relief from a final judgment of forfeiture except as provided in this section.

> (b) Reasons.—The court may grant the defendant or any surety named in the judgment relief from the judgment, for the following reasons, and none other:

> > (1) **The person seeking relief was not given notice as provided in G.S. 15A-544.4.**

> > (2) Other extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief.

(emphasis added).

In turn, N.C.G.S. § 15A-544.4 (2003) defines how the "notice" of forfeiture must be given:

> (a) The court shall give notice of the entry of forfeiture by **mailing a copy** of the forfeiture to the defendant and to each surety whose name appears on the bail bond.

> (b) The notice **shall be sent by first-class mail** to the defendant and to each surety named on the bond at the surety's address of record.

> (c) If a bail agent on behalf of an insurance company executed the bond, the court shall also provide a copy of the forfeiture to the bail agent, but failure to provide notice to the bail agent shall not affect the validity of any notice given to the insurance company.

> (d) Notice given under this section is effective when the notice is **mailed**.

> (e) Notice under this section shall be **mailed** not later than the thirtieth day after the date on which the forfeiture is entered. If

notice under this section is not given within the prescribed time, the forfeiture shall not become a final judgment and shall not be enforced or reported to the Department of Insurance.

(emphasis added).

In addition to these statutory provisions, our review is guided by numerous principles of common law. "The well-established rule is that findings of fact made by the court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them[.]" *Henderson County v. Osteen*, 297 N.C. 113, 120, 254 S.E.2d 160, 165 (1979) (citation omitted). A trial court's conclusions of law, however, are reviewable *de novo. Wright v. Auto Sales, Inc.*, 72 N.C. App. 449, 325 S.E.2d 493 (1985).

There is no requirement that the clerk of court herself carry notices to the post office in order to "mail" them. *See York v. York*, 271 N.C. 416, 420, 156 S.E.2d 673, 675 (1967) ("The clerk of court in Mecklenburg County would be able to do little except carry letters to the post office if he were physically and personally required to mail them.").

Official actions taken by public officers in North Carolina are accorded the presumption of regularity. *See Huntley v. Potter*, 255 N.C. 619, 628, 122 S.E.2d 681, 687 (1961) (defining the presumption of regularity as "the presumption that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law.") (citations and internal quotation marks omitted). Accordingly, the official actions of clerks of court are afforded this presumption of regularity. *See Town of Winston v. Scott*, 80 N.C. App. 409, 415, 342 S.E.2d 560, 564 (1986) ("When the Clerk of Court certifies that the execution of an instrument has been properly proven the presumption is that the document was properly executed."). Thus, for example, the mailing of notices of tax foreclosures, prepared by an assistant clerk of court for mailing through the sheriff's department, is accorded the presumption of regularity. *Osteen*, 297 N.C. at 118, 254 S.E.2d at 163. The presumption of regularity of official acts is a "true presumption rather than an inferential one." *Id.* " '[T]he presumption is only one of fact and is therefore rebuttable. But in order for the [defendant] to rebut the presumption he must produce 'competent, material and substantial' evidence. . . . " *Id.* (quoting *In re Appeal of Amp, Inc.*, 287 N.C. 547, 563, 215 S.E.2d 752, 762 (1975)). "Evidence of nonreceipt of the letter by the addressee . . . is some evidence that the letter was not mailed[.]"

*Wilson v. Claude J. Welch Builders,* 115 N.C. App. 384, 386, 444 S.E.2d 628, 629 (1994) (citations omitted).

Applying these principles and the relevant statutes to the facts of the instant case, we conclude that the trial court's finding of fact, that the clerk of court "mailed" the notice of forfeiture, was supported by sufficient evidence in the record. We further conclude that the trial court correctly concluded that "notice of entry of judgment was provided to the [s]urety . . ." as required by G.S. § 15A-544.4.

Assistant Clerk of Court Wheeler testified not only about the regular practices of the clerk's office for preparing, collecting, and mailing outgoing mail, but also about the specific practices concerning the printing and mailing of forfeiture notices. She explained the office practice for depositing notices into the U.S. mail, and that the mail was picked up from an outgoing bin on a daily basis by an employee responsible for collecting and mailing the outgoing mail. Moreover, the clerk's certificate of service, confirming that the notice had been mailed 21 February 2003, was also before the trial court.

We recognize that the affidavit of surety's employee tended to show that surety did not receive the notice of forfeiture, and that this was relevant to the question of whether or not the clerk had mailed the notice. However, the trial court, after considering this along with the other evidence in the record, could properly conclude that the clerk had given notice in compliance with G.S. § 15A-544.4.

We hold that the evidence in the instant case was sufficient to support the trial court's finding that the assistant clerk of court mailed the notice in compliance with G.S. § 15A-544.4. This finding of fact supports the trial court's conclusion that notice was given according to G.S. § 15A-544.4. The corresponding assignments of error are overruled.

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.