STATE OF NORTH CAROLINA v. NATHAN DARNELL WILLIAMSON

No. COA09-1475-2

(Filed 15 May 2012)

**1. Robbery—dangerous weapon—common law robbery instruction not warranted—motion for appropriate relief appropriately denied**

The trial court did not err in a robbery with a dangerous weapon case by failing to instruct the jury on the lesser-included offense of common law robbery and by denying defendant's motion to dismiss the charges. Because defendant presented no evidence at trial to rebut the presumption that the firearm used in the robbery was functioning properly, he was not entitled to either an instruction on common law robbery or dismissal of the robbery with a dangerous weapon charges.

**2. Appeal and Error—preservation of issues—denial of motion of appropriate relief—order not included in record on appeal—motion to amend record on appeal—reason for omission not given**

Defendant's argument that the trial court erred by denying his motion for appropriate relief (MAR) was dismissed because defendant failed to include the trial court's order denying his MAR in the record on appeal. Further, defendant provided no explanation in his motion to amend the record on appeal for his failure to include this order in the original record and his motion was denied.

On remand to the Court of Appeals from an order of the Supreme Court of North Carolina. Appeal by defendant from judgment entered 6 May 2009 and order entered 29 June 2009 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Originally heard in the Court of Appeals 27 April 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Sharon Patrick-Wilson, for the State.*

*Christy E. Wilhelm, for defendant-appellant.*

CALABRIA, Judge.

STATE v. WILLIAMSON

[220 N.C. App. 512 (2012)]

Nathan Darnell Williamson ("defendant") appeals from (1) a judgment entered upon a jury verdict finding him guilty of two counts of robbery with a dangerous weapon and (2) the trial court's denial of defendant's post-trial motion for appropriate relief ("MAR"). We find no error at trial and dismiss defendant's appeal from the trial court's denial of his MAR.

## I. Background

On 13 June 2009, defendant and Dorsey Lemon ("Lemon") entered T&B Amusements ("T&B") in Winston-Salem, North Carolina. Upon entering, Lemon struck employee Cecil Sanderlin ("Sanderlin") in the head with a black semiautomatic pistol. Lemon then cocked the gun in Sanderlin's face and announced, "this is a robbery." During the course of the robbery, defendant and Lemon took between five and seven hundred dollars and a radio belonging to T&B employee Ann Cheek. Once the robbery was completed, Lemon returned the gun to its owner, Jabriel Bailey, who was acting as a lookout during the robbery. The gun was never recovered by police.

Detective Phillip Cox ("Det. Cox") of the Winston-Salem Police Department was assigned to investigate the robbery. Witnesses interviewed by Det. Cox identified defendant as a participant in the robbery. Based upon this identification, Det. Cox located defendant, who voluntarily agreed to provide a statement to him. In his statement, defendant admitted his involvement in the robbery. Defendant additionally told Det. Cox that Lemon carried the gun during the robbery and that Jabriel Bailey and Donte Crews were the lookouts.

Defendant was subsequently arrested and indicted for two counts of robbery with a dangerous weapon and one count of conspiracy to commit robbery with a dangerous weapon. Defendant's jury trial in Forsyth County Superior Court began on 5 May 2009, in the afternoon. At the close of the State's evidence, defendant made a motion to dismiss all charges. The trial court allowed the motion to dismiss for the one count of conspiracy to commit robbery with a dangerous weapon but denied the motion for the two counts of robbery with a dangerous weapon. Defendant did not present any evidence.

At the charge conference, defendant's counsel requested a jury instruction on common law robbery, contending that the State failed to prove that the gun used was actually an operational weapon. The trial court denied defendant's request.

On 6 May 2009, the jury returned a verdict finding defendant guilty of two counts of robbery with a dangerous weapon. These convictions were consolidated and defendant was sentenced to a minimum of 45 months to a maximum of 63 months in the North Carolina Department of Correction.

Following his conviction, defendant filed an MAR on 18 May 2009, based upon allegedly new evidence. In the MAR, defendant asserted that on 4 May 2009, the State obtained a statement from Lemon that the handgun he used in the robbery was inoperable and unloaded, and that defendant's counsel, Michael Archenbronn, was not made aware of that statement until after defendant had been convicted and sentenced.

On 17 June 2009, the trial court conducted a hearing on defendant's MAR. At the hearing, it was established that after obtaining Lemon's statement that the gun used in the robbery was inoperable, the State placed a one-page report documenting Lemon's statement in defendant's counsel's mailbox located in the courthouse. Defendant's counsel did not check his court mailbox either in the late afternoon on 4 May or at any time on 5 May. As a result, defendant's counsel did not obtain the State's report until after defendant had been convicted on 6 May 2009. However, defendant's counsel conceded that he had independently interviewed Lemon during the evening of the first day of trial, 5 May 2009.

Lemon testified at the hearing that the gun he used during the robbery was unloaded and missing a firing pin, making it inoperable. Lemon stated that he had not previously mentioned that the gun was inoperable "[b]ecause I robbed somebody and I had a gun. I didn't know—I didn't know the law, that even if it was broken, it could have been broken down to common law. I didn't know that. You know what I'm saying?" Defendant's counsel told the trial court that when he interviewed Lemon on 5 May, Lemon never mentioned that the gun was inoperable. Defendant's counsel also told the trial court that if he had been aware of the information sooner, he would have called Lemon to testify at defendant's trial. The trial court denied defendant's MAR in open court. On 29 June 2009, the trial court entered a written order denying defendant's MAR.

Defendant appealed his conviction and the denial of his MAR to this Court. The record on appeal did not include the trial court's written order regarding the denial of the MAR. On 7 September 2010, a divided panel of this Court issued a decision finding no error at defend-

ant's trial and affirming the denial of defendant's MAR. Since the record on appeal did not include a written order and neither party mentioned a written order in their respective briefs, this Court's review was limited to examining the trial court's oral rendering of its decision to determine whether the denial was appropriate.

Defendant appealed the decision of this Court to the North Carolina Supreme Court on the basis of the dissenting opinion. On 9 December 2011, the Supreme Court issued an order in which it stated that "[d]uring the course of our review, it came to the attention of this Court that a written order actually was entered by the trial court on or about 29 June 2009 (copy attached to this Order), the existence of which apparently was not known to appellate counsel." *State v. Williamson*, 365 N.C. 326, 722 S.E.2d 592 (2011). As a result, the Supreme Court vacated the decision of this Court and remanded the case so that we may determine:

> 1. Whether to amend the record on appeal under the North Carolina Rules of Appellate Procedure to permit consideration of the [trial court's written] order;
>
> 2. Whether to order new briefs and/or oral arguments in light of [this Court's] ruling on item 1 above;
>
> 3. Whether to address defendant's issues on the merits; and
>
> 4. Whether to enter any other or further relief as [this Court] may deem appropriate.

*Id.* On 2 February 2012, defendant filed a motion to amend the record on appeal to include the trial court's written order denying defendant's MAR entered 29 June 2009.

## II. Errors During Trial

[1] Defendant appeals, in part, from alleged errors during his trial. Specifically, defendant argues that the trial court erred by failing to instruct the jury on the lesser included offense of common law robbery and by denying defendant's motion to dismiss the robbery with a dangerous weapon charges. However, both of defendant's arguments are premised upon the evidence obtained after the trial tending to show that the gun was inoperable.

In *State v. Joyner*, our Supreme Court held that "where there is evidence that a defendant has committed a robbery with what appears to the victim to be a firearm or other dangerous weapon and nothing to the contrary appears in evidence, the presumption that the

victim's life was endangered or threatened is mandatory." 312 N.C. 779, 782, 324 S.E.2d 841, 844 (1985). Defendant acknowledges that the jury was presented with no evidence at his trial that the gun was inoperable or unloaded. Since defendant presented no evidence at trial to rebut the presumption that the firearm used in the robbery was functioning properly, he was not entitled to either an instruction on common law robbery or dismissal of the two counts of robbery with a dangerous weapon. Defendant's arguments regarding errors during his trial are overruled.

### III. Motion for Appropriate Relief

**[2]** Defendant argues that the trial court erred by denying his MAR. Since defendant failed to include the trial court's order denying defendant's MAR in the record on appeal, we dismiss this issue.

Rule 9(a)(3) of the North Carolina Rules of Appellate Procedure provides that in criminal appeals, the record on appeal shall contain "copies of the verdict and of the judgment, order, or other determination from which appeal is taken[.]" N.C.R. App. P. 9(a)(3)(g) (2011). Moreover, "[i]t is the appellant's duty and responsibility to see that the record is in proper form and complete." *State v. Alston,* 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983). In the instant case, the trial court's written order was entered on 29 June 2009, as evidenced by the file stamp on the order. In his motion to amend the record on appeal, defendant provides no explanation for his failure to include this order in the original record. Consequently, in our discretion, we deny defendant's motion to amend the record on appeal.

Without the trial court's written order, which contains the trial court's findings of fact and conclusions of law, we are unable to adequately review defendant's arguments regarding the denial of his MAR. *See State v. Frogge,* 359 N.C. 228, 240, 607 S.E.2d 627, 634 (2005) ("When considering rulings on motions for appropriate relief, we review the trial court's order to determine whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court." (internal quotations and citation omitted)). Accordingly, we dismiss defendant's appeal of the trial court's denial of his MAR.

### IV. Conclusion

Because there was no evidence presented during defendant's trial that the gun used during the robbery of T&B was inoperable, defend-

ant was not entitled to either a jury instruction on common law robbery or dismissal of the robbery charges. Thus, defendant received a fair trial, free from error. Because defendant's counsel failed to include the trial court's written order denying defendant's MAR in the record on appeal, his appeal of this order must be dismissed.

No error at trial; dismissed.

Judge McCULLOUGH concurs.

Judge STEELMAN writes separately.

STEELMAN, Judge, writing separately.

I would grant defendant's motion to amend the record on appeal to include the written order.

The written order is substantially the same as the oral order dictated by the trial judge in open court. The oral order was evaluated in our prior opinion and affirmed. For the reasons set forth our prior opinion in this case, *see State v. Williamson*, ___ N.C. App. ___, 698 S.E.2d 727 (2010), *vacated*, 365 N.C. 326, 722 S.E.2d 592 (2011), I would affirm the denial of defendant's motion for appropriate relief by the learned trial judge.