IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-990

 Filed: 5 July 2017

Watauga County, No. 15 CRS 50271

STATE OF NORTH CAROLINA

 v.

ROBERT JEROME COBB, Defendant, SURETY: ULONDA T. HILL, Bail Agent for
1st Atlantic Surety Company; JUDGMENT CREDITOR: WATAUGA COUNTY
BOARD OF EDUCATION.

 Appeal by judgment creditor from order entered 6 July 2016 by Judge Gary M.

Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 7 March

2017.

 No brief was filed for Surety 1st Atlantic Surety Company.

 Miller & Johnson, PLLC, by Nathan A. Miller, for Judgment Creditor Watauga
 County Board of Education.

 BRYANT, Judge.

 Where the motion to set aside the forfeiture of an appearance bond did not

contain the required documentation to support any ground set forth in North

Carolina General Statutes, section 15A-544.5, the trial court lacked statutory

authority to set aside the forfeiture of the appearance bond. Accordingly, we vacate

the trial court’s order setting aside the forfeiture of the bond.

 An appearance bond in the amount of $30,000.00 was placed for Robert Jerome

Cobb to appear in Watauga County Superior Court on 12 January 2016 on a felony
 STATE V. COBB

 Opinion of the Court

charge in case number 15 CRS 050271. Due to Cobb’s failure to appear, the

Honorable Gary M. Gavenus, Superior Court judge, ordered that Cobb’s $30,000.00

appearance bond in that case be forfeited. On 14 January 2016, a Deputy Clerk of

Watauga County Superior Court issued a bond forfeiture notice to Cobb, as well as to

1st Atlantic Surety Company via first-class mail. On 8 June 2016, Ulonda Hill, a bail

agent, moved the court to set aside the forfeiture. In the motion, which was filed on

form AOC-CR-213—a form with pre-set options and check boxes—Hill checked that

“defendant has been surrendered by a surety on the bail bond as provided by G.S.

15A-540, as evidenced on the attached ‘Surrender Of Defendant By Surety’ (AOC-CR-

214).” However, instead of a Form CR-214, attached to the motion was a printout

from the Automated Criminal/Infractions System (ACIS). On 14 June 2016, an

attorney for the school board filed an objection and notice of hearing. The hearing

was set for 5 July 2016. On 6 July 2016, the trial court entered an order finding “that

the moving party has established one or more of the reasons specified in G. S. 15A-

544.5 for setting aside the forfeiture. . . . The . . . Motion is allowed and the forfeiture

is set aside.” Judgment creditor Watauga County Board of Education (“the Board”)

appeals.

 _______________________________________

 On appeal, the Board argues that the trial court erred by finding that the

moving party established a reason for setting aside the bond forfeiture, pursuant to

 -2-
 STATE V. COBB

 Opinion of the Court

N.C. Gen. Stat. § 15A-544.5. More specifically, the Board contends that by submitting

an ACIS printout rather than the required AOC-CR-214 form, the bail agent failed

to comply with section 15A-544.5 in seeking to aside the bond forfeiture. We agree in

part.

 General Statutes Chapter 15A, Article 26, Part 2 governs bail bond forfeiture.

“By executing a bail bond the defendant and each surety submit to the jurisdiction of

the court. . . . The liability of the defendant and each surety may be enforced as

provided in this Part . . . .” N.C. Gen. Stat. § 15A-544.1 (2015). “If a defendant . . .

released . . . upon execution of a bail bond fails on any occasion to appear before the

court as required, the court shall enter a forfeiture for the amount of that bail bond .

. . .” Id. § 15A-544.3(a). “There shall be no relief from a forfeiture except as provided

in [section 15A-544.5].” Id. § 15A-544.5(a); see also State v. Williams, 218 N.C. App.

450, 451, 725 S.E.2d 7, 9 (2012) (holding where forfeiture of an appearance bond has

not become a final judgment, G.S. § 15A-544.5 offers “[t]he exclusive avenue for

relief”); State v. Sanchez, 175 N.C. App. 214, 623 S.E.2d 780 (2005) (holding the trial

court lacked authority to grant the surety’s motion to set aside forfeiture of an

appearance bond where the motion was not premised on any ground set forth in G.S.

§ 15A-544.5).

 Pursuant to subsection (b) of General Statutes, section 15A-544.5,

 Except as provided by subsection (f)[ (which is not
 applicable here)] . . . a forfeiture shall be set aside for any

 -3-
 STATE V. COBB

 Opinion of the Court

one of the following reasons, and none other:

(1) The defendant’s failure to appear has been set aside by
the court and any order for arrest issued for that failure to
appear has been recalled, as evidenced by a copy of an
official court record, including an electronic record.

(2) All charges for which the defendant was bonded to
appear have been finally disposed by the court other than
by the State’s taking dismissal with leave, as evidenced by
a copy of an official court record, including an electronic
record.

(3) The defendant has been surrendered by a surety on the
bail bond as provided by G.S. 15A-540, as evidenced by the
sheriff’s receipt provided for in that section.

(4) The defendant has been served with an Order for Arrest
for the Failure to Appear on the criminal charge in the case
in question as evidenced by a copy of an official court
record, including an electronic record.

(5) The defendant died before or within the period between
the forfeiture and the final judgment as demonstrated by
the presentation of a death certificate.

(6) The defendant was incarcerated in a unit of the Division
of Adult Correction of the Department of Public Safety and
is serving a sentence or in a unit of the Federal Bureau of
Prisons located within the borders of the State at the time
of the failure to appear as evidenced by a copy of an official
court record or a copy of a document from the Division of
Adult Correction of the Department of Public Safety or
Federal Bureau of Prisons, including an electronic record.

(7) The defendant was incarcerated in a local, state, or
federal detention center, jail, or prison located anywhere
within the borders of the United States at the time of the
failure to appear, and the district attorney for the county
in which the charges are pending was notified of the

 -4-
 STATE V. COBB

 Opinion of the Court

 defendant’s incarceration while the defendant was still
 incarcerated and the defendant remains incarcerated for a
 period of 10 days following the district attorney's receipt of
 notice, as evidenced by a copy of the written notice served
 on the district attorney via hand delivery or certified mail
 and written documentation of date upon which the
 defendant was released from incarceration, if the
 defendant was released prior to the time the motion to set
 aside was filed.

N.C.G.S. § 15A-544.5(b) (emphasis added). Within 150 days of the notice of forfeiture

being given, the defendant, surety, professional bondsman, or bail agent may move

for the bond forfeiture to be set aside. “[A] written motion shall state the reason for

the motion and attach to the motion the evidence specified in subsection (b) of this

section.” Id. § 15A-544.5(d)(1).

 The record before us indicates that the bail agent moved to set aside the bond

forfeiture on the ground that “defendant has been surrendered by a surety on the bail

bond as provided by G.S. 15A-540, as evidenced by the attached ‘Surrender of

Defendant By Surety’ (AOC-CR-214)” (ground (b)(3) under section 15A-544.5).

However, no AOC form 214 was attached to the motion. Instead, attached to the

motion was an ACIS printout indicating that defendant had been charged with a

traffic offense, driving while license revoked, on 18 May 2015 and that the disposition

date was 18 May 2016. The ACIS printout reflected that the traffic charge was

assigned Watauga case number 15 CR 00508, that defendant pled guilty to the charge

on 18 May 2016, and that, as part of the disposition, defendant agreed to plead guilty

 -5-
 STATE V. COBB

 Opinion of the Court

in Watauga case number 14 CRS 50747. The ACIS printout included no reference to

case number 15 CRS 050271, the case in which the bond was forfeited. The ACIS

printout did not indicate that defendant was taken into custody or had been

surrendered to a sheriff or other agency official authorized to arrest individuals.

 The issue now before us is whether the trial court erred by setting aside the

bond forfeiture where the record reflects only the ACIS statement as evidence

“defendant has been surrendered by a surety on the bail bond,” in lieu of a sheriff’s

receipt.1 See id. § 15A-544.5(b)(3). We hold the ACIS statement in the instant case

did not meet the requirement of a sheriff’s receipt contemplated by the statute; i.e.,

evidence defendant was surrendered by a surety on the bail bond. We note that bail

agent Hill’s motion to set aside the forfeiture of an appearance bond was premised on

section 15A-544.5(b)(3), but where the facts of record do not support the asserted

ground for the motion or any other ground set forth in subsection (b), we see no basis

on this record for the trial court to exercise statutory authority to set aside the bond

forfeiture.

 The dissenting opinion asserts that because “there is no evidence upon which

to assess the validity of the trial court’s ruling, we should not presume that the trial

 1 The Board argues that the failure to attach the specific form AOC-CR-214 as evidence of
surrender to the sheriff by a surety amounts to a failure to meet the statutory requirement of a sheriff’s
receipt set out in section 15A-544.5(b)(3). However, we need not reach this specific issue to resolve the
matter before us. See Hayes v. City of Wilmington, 243 N.C. 525, 536, 91 S.E.2d 673, 682 (1956) (“In
every case what is actually decided is the law applicable to the particular facts; all other legal
conclusions therein are but obiter dicta.”).

 -6-
 STATE V. COBB

 Opinion of the Court

court erred but should instead affirm the trial court’s order.” In particular, the

dissent cites Phelps v. McCotter, 252 N.C. 66, 67, 112 S.E.2d 736, 737 (1960) (per

curiam), for the “well established principle that there is a presumption in favor of the

regularity and validity of the proceedings in the lower court”; King v. King, 146 N.C.

App. 442, 445–46, 552 S.E.2d 262, 265 (2001) (“[I]t is generally the appellant’s duty

and responsibility to see that the record is in proper form and complete and this Court

will not presume error by the trial court when none appears on the record to this

Court.” (emphasis added) (citation omitted); and Granville Med. Ctr. v. Tipton, 160

N.C. App. 484, 488–89, 586 S.E.2d 791, 795 (2003) (stating that “[w]here the record

is silent on a particular point, we presume that the trial court acted correctly,” then

holding this Court would not presume the trial court erred by applying an incorrect

legal standard where the record was silent as to which standard the lower court

applied). We note In re A.R.H.B., for the proposition that “[u]nless the record reveals

otherwise, we presume that judicial acts and duties have been duly and regularly

performed.” 186 N.C. App. 211, 219, 651 S.E.2d 247, 253 (2007) (citation omitted).

However, here, the record is not silent; the record reflects only error. For that reason,

King, Phelps, Granville, and A.R.H.B. are distinguishable.

 The dissenting opinion points out that the record before this Court does not

include a transcript or a Rule 9(a) narration of any proceedings before the trial court.

The majority does acknowledge herein that as the appellant, the Board of Education

 -7-
 STATE V. COBB

 Opinion of the Court

had a duty to provide a complete record and that failure to do so should be met with

strong disapproval. However, appellant Board compiled a proposed record on appeal,

and when the time for response to appellant Board’s proposed record expired without

comment from the surety, the record was settled by operation of the Rules of

Appellate Procedure. Thereafter, only appellant Board filed a brief in this matter.

 The record as submitted by appellant Board shows error on its face. Unlike

the dissent, we will not speculate on what if anything else may have occurred before

the trial court. See Joines v. Moffitt, 226 N.C. App. 61, 67, 739 S.E.2d 177, 182 (2013)

(stating that “[a]ppellate review is based solely upon the record on appeal; it is the

duty of the appellant[] to see that the record is complete. This Court will not engage

in speculation as to what arguments may have been presented . . . .” (alteration in

original) (citation omitted)). This record as reviewed on appeal and argued by

appellant, contains documentary evidence which, on its face, does not support the

ruling of the trial court. The evidence of record shows the bail agent presented to the

court a printout showing that defendant had been charged with a misdemeanor traffic

offense on 18 May 2015, almost eight months prior to his failure to appear on 12

January 2016. Further, the printout did not reflect that defendant had been

incarcerated on 12 January 2016 or at any subsequent time up to the date of the bond

hearing. Thus, based on this record, error does appear and we cannot presume the

court acted in accordance with statutory authority. Cf. In re A.R.H.B., 186 N.C. App.

 -8-
 STATE V. COBB

 Opinion of the Court

at 219, 651 S.E.2d at 253 (“Unless the record reveals otherwise, we presume that

judicial acts and duties have been duly and regularly performed.” (citation omitted)).

This record supports a conclusion, not a presumption, that the trial court erred, as

there is not sufficient basis in the record to warrant the exercise of statutory authority

to set aside a bond forfeiture. Accordingly, the trial court’s 6 July 2016 order allowing

the bail agent’s motion to set aside the bond forfeiture is

 VACATED.

 Judge INMAN concurs.

 Judge ZACHARY dissents with a separate opinion.

 -9-
 No. COA16-990 - State v. Cobb

 Judge ZACHARY, dissenting

 The majority opinion holds that the motion filed by 1st Atlantic Surety

Company (“the surety”) to set aside the forfeiture of an appearance bond “was not

premised upon any ground set out under [N.C. Gen. Stat. §] 15A-544.5” and that, as

a result, “the trial court lacked statutory authority to set aside the forfeiture of the

appearance bond.” The surety’s original motion was explicitly based upon N.C. Gen.

Stat. § 15A-544.5(b)(3) (2015), which allows a surety to apply to have a bond forfeiture

set aside on the grounds that “[t]he defendant has been surrendered by a surety on

the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff’s receipt

provided for in that section.” Therefore, the issue litigated at the hearing before the

trial court was not whether the surety’s motion to set aside the bond forfeiture was

premised upon an authorized basis, but whether the surety properly supported its

motion by producing the appropriate documentation.

 The record establishes that Robert Cobb was charged with an unspecified

criminal offense in Watauga County File No. 15 CRS 50271, and that a secured

appearance bond was set at $30,000, for which the surety posted bond for Mr. Cobb.

Mr. Cobb failed to appear in court on the scheduled trial date of 12 January 2016,

and on 14 January 2016 forfeiture of the bond was ordered and the surety was

notified. On 8 June 2016, the surety moved to have the bond forfeiture set aside.

Upon the objection of the Watauga County Board of Education (“appellant”) to the

surety’s motion to set aside the forfeiture of the bond, a hearing on the surety’s motion

was conducted by the Honorable Gary M. Gavenus of the Superior Court of Watauga
 STATE V. COBB

 Zachary, J., dissenting

County. The appellant has appealed from an order of the trial court ruling that the

surety had established the existence of one or more statutorily-permissible reasons

for setting aside the bond forfeiture. The question before this Court is whether this

order was supported by evidence adduced at the hearing conducted by the trial court.

However, the record on appeal does not include any information concerning the

testimony, evidence, or arguments presented at that hearing. Given the complete

absence of any record of the evidence presented to the trial court, any conclusion

reached by this Court regarding the merits of the trial court’s order will, of necessity,

be based upon assumption or speculation. That is, we can either presume that the

trial court acted correctly, or presume that the court erred. It is a long-standing rule

of our appellate courts that we do not presume error upon a silent record. “In State

v. Fennell, 307 N.C. 258, 262, 297 S.E.2d 393, 396 (1982), this Court noted the

presumption of regularity in a trial, stating that ‘where the record is silent on a

particular point, it will be presumed that the trial court acted correctly.’ ” State v.

Thomas, 344 N.C. 639, 646, 477 S.E.2d 450, 453 (1996). Because the majority’s

holding is based upon the presumption that the trial court erred, I must respectfully

dissent.

 It is undisputed that “[i]n North Carolina, forfeiture of an appearance bond is

controlled by statute.” State v. Robertson, 166 N.C. App. 669, 670, 603 S.E.2d 400,

 -2-
 STATE V. COBB

 Zachary, J., dissenting

401 (2004). “If a defendant who was released . . . upon execution of a bail bond fails

on any occasion to appear before the court as required, the court shall enter a

forfeiture for the amount of that bail bond in favor of the State against the defendant

and against each surety on the bail bond.” G.S. § 15A-544.3(a) (2015). “The exclusive

avenue for relief from forfeiture of an appearance bond . . . is provided in G.S. § 15A-

544.5. The reasons for setting aside a forfeiture are those specified in subsection (b)[.]”

Robertson, 166 N.C. App. at 670-71, 603 S.E.2d at 401. N.C. Gen. Stat. § 15A-544.5

“clearly states that ‘there shall be no relief from a forfeiture’ except as provided in the

statute, and that a forfeiture ‘shall be set aside for any one of the [reasons set forth

in Section (b)(1-7)], and none other.’ ” State v. Sanchez, 175 N.C. App. 214, 218, 623

S.E.2d 780, 782 (2005).

 N.C. Gen. Stat. § 15A-544.5 provides in relevant part that the procedure

governing a surety’s request to have a bond forfeiture set aside is as follows:

 (1) . . . [A]ny of the following parties on a bail bond may
 make a written motion that the forfeiture be set aside: . . .
 Any surety. . . . The written motion shall state the reason
 for the motion and attach to the motion the evidence
 specified in subsection (b) of this section.

 (2) The motion shall be filed in the office of the clerk of
 superior court[.] . . . The moving party shall, under G.S. 1A-
 1, Rule 5, serve a copy of the motion on the district attorney
 for that county and on the attorney for the county board of
 education.

 -3-
 STATE V. COBB

 Zachary, J., dissenting

(3) Either the district attorney or the county board of
education may object to the motion by filing a written
objection in the office of the clerk and serving a copy on the
moving party.

(4) If neither the district attorney nor the attorney for the
board of education has filed a written objection to the
motion by the twentieth day after a copy of the motion is
served by the moving party . . . the clerk shall enter an
order setting aside the forfeiture, regardless of the basis for
relief asserted in the motion, the evidence attached, or the
absence of either.

(5) If either the district attorney or the county board of
education files a written objection to the motion, then . . . a
hearing on the motion and objection shall be held in the
county, in the trial division in which the defendant was
bonded to appear.

(6) If at the hearing the court allows the motion, the court
shall enter an order setting aside the forfeiture.

(7) If at the hearing the court does not enter an order
setting aside the forfeiture, the forfeiture shall become a
final judgment of forfeiture[.]

(8) If at the hearing the court determines that the motion
to set aside was not signed or that the documentation
required to be attached pursuant to subdivision (1) of this
subsection is fraudulent or was not attached to the motion
at the time the motion was filed, the court may order
monetary sanctions against the surety filing the motion,
unless the court also finds that the failure to sign the
motion or attach the required documentation was
unintentional. . . .

 -4-
 STATE V. COBB

 Zachary, J., dissenting

 “The standard of review on appeal where a trial court sits without a jury is

whether there was competent evidence to support the trial court’s findings of fact and

whether its conclusions of law were proper in light of such facts.” State v. Lazaro, 190

N.C. App. 670, 660 S.E.2d 618 (2008) (citation omitted). N.C. Gen. Stat. § 15A-

544.5(h) states that an “order on a motion to set aside a forfeiture is a final order or

judgment of the trial court for purposes of appeal. Appeal is the same as provided for

appeals in civil actions.” Accordingly, this Court has reviewed appeals from a trial

court’s ruling on a motion to set aside a bond forfeiture in the same manner as other

orders or judgments entered in a bench trial.

 For example, in Lazaro, the surety moved to have the bond forfeiture set aside

on the grounds that the defendant had failed to appear in court because he was

incarcerated in a state or federal prison, which is listed in N.C. Gen. Stat. § 15A-

544.5(b)(6) as a permissible basis to have a bond forfeiture set aside. On appeal, the

Board of Education argued that the “surety’s evidence does not support a finding that

the defendant was incarcerated . . . within the borders of North Carolina at the time

of his failure to appear on 7 November 2006.” Lazaro, 190 N.C. App. at 671, 660

S.E.2d at 619. We reviewed the evidence that the surety had proffered, which

consisted of “computer printouts of inmate records from the Mecklenburg County

Sheriff’s Office[.]” Lazaro at 673, 660 S.E.2d at 620. Based upon the evidence offered

 -5-
 STATE V. COBB

 Zachary, J., dissenting

at the hearing, we concluded that “the trial court’s findings were not supported by

competent evidence” given that “[t]he surety presented no additional evidence other

than the printouts.” Id.

 Similarly, in State v. Belton, 169 N.C. App. 350, 610 S.E.2d 283 (2005), the

surety moved to set aside a final judgment of forfeiture, on the grounds that the

surety had never been given notice of the forfeiture. At the hearing, the surety

produced an affidavit from its employee which “tended to show that [the] surety did

not receive the notice of forfeiture[.]” Belton, 169 N.C. App. at 357, 610 S.E.2d at 288.

Other testimony was offered by an Assistant Clerk of Court, who testified in detail

concerning the practices of the Clerk’s office with regard to mailing notices of

forfeiture. We held that the trial court, “after considering [the surety’s affidavit]

along with the other evidence in the record, could properly conclude that the clerk

had given notice[.]” Id. Thus, in our review of appeals from a trial court’s ruling on

a motion to set aside a bond forfeiture, as in all other appeals from a bench trial, we

review whether the evidence supported the trial court’s findings and whether these

findings supported its conclusions of law.

 In this case, the surety filed a motion to set aside the bond forfeiture on 8 June

2016 using an Administrative Office of the Courts (AOC) Form AOC-CR-213, on

which the surety indicated that it sought to have the bond forfeiture set aside on the

 -6-
 STATE V. COBB

 Zachary, J., dissenting

grounds that “[t]he defendant has been surrendered by a surety on the bail bond as

provided by G.S. 15A-540, as evidenced by the attached Surrender of Defendant by

Surety (AOC-CR-214).” The surety attached to the motion a computer printout from

the Watauga County Sheriff’s Office, referred to as an ACIS form. The majority holds

that the surety’s use of an ACIS form did not satisfy the requirement of N.C. Gen.

Stat. § 15A-544.5(b)(3) that the surety produce a “sheriff’s receipt.” Examination of

the attachment submitted by the surety reveals that it references two Watauga

County criminal cases, identified as Files Nos. 15 CR 508 and 14 CRS 50747. The

form does not, however, contain information about the disposition of the offense

charged in File No. 15 CRS 50271, which is the subject of the present appeal. As a

result, regardless of whether an ACIS form might, as a general proposition, satisfy

the requirement that a surety attach a “sheriff’s receipt” to a motion to have a bond

forfeiture set aside, it appears that the specific ACIS form submitted in this case

would not establish that Mr. Cobb had been surrendered to the sheriff with respect

to File No. 15 CRS 50271.

 However, the holding that the trial court erred by setting aside the bond

forfeiture is based exclusively upon the documentation that the surety attached to

the motion that was submitted to the clerk of court. On the facts of this case, we

 -7-
 STATE V. COBB

 Zachary, J., dissenting

should not reach the issue of whether an ACIS form might meet the definition of a

sheriff’s receipt.

 On 14 June 2016, the appellant filed its objection to the surety’s motion, and a

hearing was scheduled for 5 July 2016. The matter was heard by Judge Gavenus in

Watauga County Superior Court on 5 July 2016. On 6 July 2016, Judge Gavenus

entered an order allowing the surety’s motion and setting aside the bond forfeiture,

based upon a finding and conclusion that:

 Upon due notice, a hearing was held on the above Objection
 to the Motion To Set Aside Forfeiture. The Court finds on
 the “Date of Bond” shown on the reverse the moving party
 named above executed a bond for the defendant’s
 appearance in the case(s) identified[.] . . . On the “Failure
 to Appear” date shown on the reverse, the defendant failed
 to appear to answer the charges in the case(s), and
 forfeiture of the bond was entered on that date. Notice of
 forfeiture was mailed to the moving party[.] . . .
 The Court finds . . . that the moving party has established
 one or more of the reasons specified in [N.C. Gen. Stat. §]
 15A-544.5 for setting aside that forfeiture. . . . The above
 Motion is allowed and the forfeiture is set aside.
 (emphasis added).

 As discussed above, the only relevant issue before this Court is whether the

trial court’s order was properly entered in light of the evidence adduced at the

hearing. The propriety of the trial court’s order cannot be determined merely by

review of the documentation that the surety attached to its motion, because the trial

 -8-
 STATE V. COBB

 Zachary, J., dissenting

court’s order was entered following a hearing at which the parties would have been

allowed to present additional testimony or evidence.

 This Court has often held that “ ‘[i]t is the appellant’s duty and responsibility

to see that the record is in proper form and complete.’ ” State v. Williamson, 220 N.C.

App. 512, 516, 727 S.E.2d 358, 361 (2012) (quoting State v. Alston, 307 N.C. 321, 341,

298 S.E.2d 631, 644 (1983)). There are several ways in which the appellant might

have created a record of the hearing before the trial court. The clearest record is often

established by a transcript of the proceedings. In the event that a transcript is

unavailable, N.C. R. App. P. 9(c)(1) (2015) permits a party to prepare a narration of

the proceedings. In the course of settling the record on appeal, pursuant to N.C. R.

App. P. 11 (2015), the appellant might have submitted an affidavit from the

appellant’s trial counsel regarding the evidence that the surety submitted at the

hearing, or if the parties agreed on the evidentiary history of this matter, they might

have stipulated to the identity of the documents or testimony offered at the hearing.

Alternatively, the appellant might have filed a motion pursuant to N.C. Gen. Stat. §

1A-1, Rule 52(b) (2015), asking the court to “amend its findings or make additional

findings[.]”

 Unfortunately, in this case the appellate record does not contain any indication

of the evidence or testimony offered at the hearing in addition to, or instead of, the

 -9-
 STATE V. COBB

 Zachary, J., dissenting

ACIS statement attached to the surety’s motion. The record fails to include a

transcript of the hearing conducted by the trial court, a reconstruction by the parties

of the events that transpired at the hearing, an affidavit attesting to the testimony

and documentary evidence proffered before the trial court, or any other evidence from

which we might determine what evidence was presented by the parties at the

hearing.

 “[I]t is generally the appellant’s duty and responsibility to see that the record

is in proper form and complete and this Court will not presume error by the trial court

when none appears on the record to this Court.” King v. King, 146 N.C. 442, 445-46,

552 S.E.2d 262, 264 (2001) (internal quotation omitted). Instead, “[w]here the record

is silent on a particular point, we presume that the trial court acted correctly.”

Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 488-89, 586 S.E.2d 791, 795 (2003)

(citing State v. Reaves, 132 N.C. App. 615, 620, 513 S.E.2d 562, 565 (1999)). See also

Phelps v. McCotter, 252 N.C. 66, 67, 112 S.E.2d 736, 737 (1960) (noting the “well

established principle that there is a presumption in favor of the regularity and

validity of the proceedings in the lower court”).

 The majority opinion states that the “record as submitted by appellant Board

shows error on its face.” In fact, the record provides nothing regarding the only

pertinent question, which is the evidence provided by the surety at the hearing before

 -10-
 STATE V. COBB

 Zachary, J., dissenting

the trial court. “ ‘The longstanding rule is that there is a presumption in favor of

regularity and correctness in proceedings in the trial court, with the burden on the

appellant to show error.’ Unless the record reveals otherwise, we presume ‘that

judicial acts and duties have been duly and regularly performed.’ ” In re A.R.H.B.,

186 N.C. App. 211, 219, 651 S.E.2d 247, 253 (2007) (quoting L. Harvey & Son Co. v.

Jarman, 76 N.C. App. 191, 195-96, 333 S.E.2d 47, 50 (1985), and Lovett v. Stone, 239

N.C. 206, 212, 79 S.E.2d 479, 483 (1954)). The majority holds that the documentation

provided by the surety to the clerk requires a “conclusion, not a presumption” that

the trial court erred. This conclusion ignores the crucial fact that we are not

reviewing a determination by the clerk of court, but by the trial court following a

hearing at which the parties had an opportunity to offer testimony and documentary

evidence. It is impossible for us to reach a conclusion on the validity of the trial

court’s order without a record of what transpired at the hearing.

 In the absence of any record of the proceedings before the trial court, this Court

should follow the well-established rule and should not presume that the trial court

erred. I believe that because there is no evidence upon which to assess the validity

of the trial court’s ruling, we should not presume that the trial court erred but should

instead affirm the trial court’s order. For this reason, I must respectfully dissent.

 -11-